**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MR. RAFAEL VAZQUEZ,** | : | **No. 4:19-cv-1371** |
| | : | |
| **Plaintiff** | : | **Judge Mannion** |
| | : | **Magistrate Judge Arbuckle** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **WETZEL, ET AL.,** | : | |
| **Defendants** | : | *Complaint Filed July 19, 2019* |

**ANSWER TO AMENDED COMPLAINT**

Defendants Burns, Foulds, Luscavage, McGinley, Mirarchi, Neitz, and Wetzel, of the Pennsylvania Department of Corrections ("DOC" or "Department"), through counsel, hereby submit the following responses with affirmative defenses to Plaintiff's Amended Complaint (Doc. 39):

1. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the averments are denied.

2. Denied. This paragraph refers to a written document that speaks for itself.

3. Admitted.

4. Admitted in part, denied in part. It is admitted that Wetzel is the Secretary of the DOC. The remainder of the paragraph is denied.

5. Denied. By way of further response, Tom McGinley is the Superintendent of SCI Coal Township.

6. Denied.

7. Admitted in part, denied in part. It is admitted that Luscavage is the Deputy Superintendent of SCI Coal Township. The remainder of the paragraph is denied.

8. Admitted in part, denied in part. It is admitted that Foulds is employed at SCI Coal Township. The remainder of this paragraph is denied.

9. Admitted in part, denied in part. It is admitted that Burns is employed as a Captain at SCI Coal Township. The remainder of this paragraph is denied.

10. Admitted in part, denied in part. It is admitted that Neitz is employed as a Lieutenant at SCI Coal Township. The remainder of this paragraph is denied.

11. The averments of this numbered paragraph are not directed to the Defendants, therefore, no response is made.

12. The averments of this numbered paragraph are not directed to the Defendants, therefore, no response is made.

13. Denied. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual averments, the averments are denied.

14. Denied. By way of further response, Plaintiff was sentenced by a judge, not the DOC.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The averments of this numbered paragraph are not directed to the Defendants, therefore, no response is made.

20. The averments of this numbered paragraph are not directed to the Defendants, therefore, no response is made.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied. This paragraph refers to a written document that speaks for itself.

29. Denied. This paragraph refers to a written document that speaks for itself.

30. Denied. This paragraph refers to a written document that speaks for itself.

31. Denied. This paragraph refers to a written document that speaks for itself.

32. Denied. This paragraph refers to a written document that speaks for itself.

33. Denied. This paragraph refers to a written document that speaks for itself.

34. Denied. This paragraph refers to a written document that speaks for itself.

35. Denied. This paragraph refers to a written document that speaks for itself.

36. Denied. This paragraph refers to a written document that speaks for itself.

37. Denied. This paragraph refers to a written document that speaks for itself.

38. Denied. This paragraph refers to a written document that speaks for itself.

39. Denied. This paragraph refers to a written document that speaks for itself.

40. Denied. This paragraph refers to a written document that speaks for itself.

41. Denied. This paragraph refers to a written document that speaks for itself.

42. Denied.

43. Denied.

44. Denied. This paragraph refers to a written document that speaks for itself.

45. Denied.

46. Denied.

47. Denied. This paragraph refers to a written document that speaks for itself.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied. This paragraph refers to a written document that speaks for itself.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**WHEREFORE**, Plaintiff is not entitled to any damages and judgment should be entered in favor of Defendants.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, the Defendants also assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, either in whole or part, to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants are immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign, and/or any other immunity.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm occurring to Plaintiff, which is expressly DENIED, was the direct and proximate result of the actions or inactions of a person or persons other than the Defendants, which bars recovery against the Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

At no time have the Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured to him by the Constitution or laws of the United States.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may have failed to exhaust his administrative remedies as to one or more claims as required by the Prisoner Litigation Reform Act of 1995.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants had legitimate penological reasons for all decisions and actions.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims may be barred by the Statute of Limitations.

**NINTH AFFIRMATIVE DEFENSE**

The Defendants have not violated Plaintiff's constitutional rights.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot demonstrate a legally culpable act and/or omission of the Defendants which was a substantial factor in bringing about the claimed damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Defendants have not acted with deliberate, intentional or reckless indifference toward Plaintiff or his conditions of confinement.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based upon a theory of vicarious liability, it is unavailable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The complaint makes claims for damages or other relief, some or all of which are not or may not be legally cognizable or compensable under the law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendants have not acted outrageously or in a grossly negligent manner toward Plaintiff.

The Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:** ***s/ Lindsey A. Bedell***
**LINDSEY A. BEDELL**
**Deputy Attorney General**
**Attorney ID #308158**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**

**lbedell@attorneygeneral.gov**

**Date: April 14, 2021**

***Counsel for Defendants Burns, Foulds, Luscavage, McGinley, Mirarchi, Neitz, and Wetzel***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MR. RAFAEL VAZQUEZ,** | : | **No. 4:19-cv-1371** |
| | : | |
| **Plaintiff** | : | **Judge Mannion** |
| | : | **Magistrate Judge Arbuckle** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **WETZEL, ET AL.,** | : | |
| **Defendants** | : | *Complaint Filed July 19, 2019* |

**CERTIFICATE OF SERVICE**

I, Lindsey Bedell, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 14, 2021, I caused to be served a true and correct copy of the foregoing document titled Answer to Amended Complaint to the following:

**VIA HAND DELIVERY:**[1]
**Rafael Vazquez, LG-3413**
**SCI Dallas**
*Pro Se Plaintiff*

***s/ Lindsey A. Bedell***
**LINDSEY A. BEDELL**
Deputy Attorney General

---

1 This alternative method of service through staff of the DOC is being used temporarily as a result of the COVID-19 pandemic.